IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| YENDA THOMPSON, on behalf of herself | : | CIVIL ACTION |
| and similarly situated employees, | : | |
| Plaintiff, | : | FILED ELECTRONICALLY |
| v. | : | ON MAY 24, 2024 |
| | : | |
| DIMENSIONS GROUP SERVICES, | : | CLASS/COLLECTIVE ACTION |
| Defendant. | : | |
| | : | |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Yenda Thompson ("Plaintiff") brings this lawsuit against Dimensions Group Services ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1.    Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.    Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3.    Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4.    Plaintiff resides in Philadelphia, PA (Philadelphia County).

5.    Defendant is a corporate entity that, according to the paystubs it issued to

Plaintiff, is headquartered in Philadelphia, PA (Philadelphia County).

6.      Plaintiff is an employee covered by the FLSA and PMWA.

7.      Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8.      Defendant owns and operates a business that provides home health care services to clients.

9.      Defendant employs workers who are paid on an hourly basis to provide home care services to Defendant's clients.  We will call these individuals "home care workers."

10.     Plaintiff was employed by Defendant as a home care worker during the three-year period relevant to this lawsuit.

11.     Like other home care workers, Plaintiff often worked over 40 hours per week.

12.     Defendant paid Plaintiff and other home care workers an hourly wage for their work.  For example, Defendant paid Plaintiff $12.00/hour.

13.     During the three-year period covered by this lawsuit, Defendant generally has paid Plaintiff and other home care workers their straight-time hourly wage for all hours worked, *including hours worked over 40 per week*.  For example, during the two-week pay period ending April 29, 2023, Plaintiff was credited with working 144 hours and was merely paid her straight-time hourly rate of $12 for *each* hour she worked.  *See* Exhibit A.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23.  She sues on behalf of all individuals who, during the past three years, have been employed by Defendant, paid an hourly wage, and credited with working over 40 hours during

any week.

15.     Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

16.     Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

17.     The class is readily ascertainable based on Defendant's business records and is so numerous that joinder of all class members is impracticable.

18.     Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

19.     Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

20.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

21.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

22.     The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

23.     In paying Plaintiff and other collective members straight-time compensation for hours worked over 40, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II – PMWA

24.     The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

25.     In paying Plaintiff and other collective members straight-time compensation for hours worked over 40, Defendant violated the PMWA.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A.     Unpaid overtime wages and prejudgment interest;

B.     Liquidated damages to the fullest extent permitted under the FLSA;

C.     Litigation costs, expenses, and attorneys' fees; and

D.     Such other and further relief as the Court deems just and proper.

Date:  May 24, 2024                                    Respectfully,

                                                       /s/ Michelle Tolodziecki
                                                       Peter Winebrake
                                                       Michelle Tolodziecki
                                                       Winebrake & Santillo, LLC

715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
mtolodziecki@winebrakelaw.com